**JS 44 - No. CALIF .(Rev. 4/97)**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA,  et al. | RYAN McCLURE EXCAVATION, INC. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Oakland

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Shaamini A. Babu, Saltzman & Johnson Law Corporation
44 Montgomery Street, Suite 2110
San Francisco, CA 94105

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION  (PLACE AN "✓" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                 AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "✓" IN ONE BOX ONLY)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transfered from Another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | Property Damage ☐ 385 Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☑ 791 Empl.Ret. Inc. Security Act | ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 900 Appeal of Fee Determination Under |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS - Third Party 26 USC 7609 | Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for the collection of delinquent contribution payments under Employee Retirement Income Security Act (29 USC Sections 1001, et seq.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

☐ CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)  ☑ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE  5/9/08     SIGNATURE OF ATTORNEY OF RECORD



Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

GIL CROSTHWAITE and RUSS BURNS, in
their respective capacities as Trustees of the
OPERATING ENGNEERS HEALTH AND
WELFARE TRUST FUND FOR NORTHERN
CALIFORNIA; PENSION TRUST FUND
FOR OPERATING ENGINEERS;
PENSIONED OPERATING ENGINEERS
HEALTH AND WELFARE FUND;
OPERATING ENGINEERS AND
PARTICIPATING EMPLOYERS PRE-
APPRENTICESHIP, APPRENTICE AND
JOURNEYMEN AFFIRMATIVE ACTION
TRAINING FUND; OPERATING
ENGINEERS VACATION AND HOLIDAY
PLAN; OPERATING ENGINEERS
CONTRACT ADMINISTRATION FUND;
OPERATING ENGINEERS JOB
PLACEMENT CENTER AND MARKET
AREA COMMITTEE ADMINISTRATION
MARKET PRESERVATION FUND;
OPERATING ENGINEERS INDUSTRY
STABILIZATION FUND; BUSINESS
DEVELOPMENT TRUST FUND; AND
HEAVY AND HIGHWAY COMMITTEE,

Plaintiffs,

v.

RYAN McCLURE EXCAVATION, INC.,

Defendant.

Case No.: C08-02403

**COMPLAINT**

BZ

ADR

-1-
**COMPLAINT**
**Case No.:**

P:\CLIENTS\OE3CL\Ryan McClure Excavation\Pleadings\Complaint\Complaint 050908.DOC

GO A4 SEC. 21
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1

Parties

2

1.    The Operating Engineers' Health and Welfare Trust Fund for Northern California;

3

Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension

4

Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned

5

6

Operating Engineers' Health and Welfare Fund; Operating Engineers and Participating Employers

7

Pre-Apprenticeship, Apprentice and Journeyman Affirmative Action Training Fund; and

8

Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the

9

Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Said

10

plans and their respective trustees ("Trustees") are together referred to herein as "ERISA

11

Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of

12

the ERISA Plaintiffs with authority to act on behalf of all Trustees.

13

14

2.    Operating Engineers Local Union No. 3 of the International Union of Operating

15

Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor

16

Relations Act ("NLRA"), 29 U.S.C. § 152(5).

17

3.    RYAN McCLURE EXCAVATION, INC. is an employer by virtue of ERISA

18

§ 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).  Said entity is referred to

19

herein as "Defendant."

20

21

Jurisdiction

22

4.    Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by

23

virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the

24

provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which

25

violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief

26

under ERISA.

27

28

-2-
**COMPLAINT**
Case No.:

5.    Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the Plaintiffs seek to enforce the terms and conditions of a written agreement between the Defendant and the Union.

6.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7.    Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8.    Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.    The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds and dues were administered during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and contractual obligations to the ERISA Plaintiffs.

///

///

///

-3-
**COMPLAINT**
**Case No.:**

1

Bargaining Agreement

2    10.    On August 21, 2007, the Union and Defendant entered into a Memorandum Project

3   Agreement, referred to herein as "Project Agreement", requiring Defendant to make contributions

4
    to the ERISA Plaintiffs' funds, to the Union for union dues and to other Trust Funds. Defendant's
5
6   obligations are more fully described in the Master Construction Agreement for Northern

7   California ("Bargaining Agreement") between the Union and the Associated General Contractors

8   of California, Inc., which is incorporated by reference into the Project Agreement. The ERISA

9   Plaintiffs and Trust Funds are third party beneficiaries of both agreements.

10    11.    The Operating Engineers Job Placement Center and Market Area Committee

11   Administration Market Preservation Fund; Operating Engineers Contract Administration Fund;

12
    Operating Engineers Industry Stabilization Fund; Supplement Dues; Business Development Trust
13
14   Fund; and Heavy and Highway Committee, together referred to herein as "Trust Funds," are funds

15   for which the Trustees are the assignees of monies due under the Bargaining Agreement.

16    12.    Under the terms of the Bargaining Agreement and of the governing documents of

17   the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made

18   binding on Defendant, Defendant is required to submit monthly reports of hours worked by its

19
    employees, and to regularly pay to the ERISA Plaintiffs, to the Union for union dues, and to the
20
21   Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by

22   employees of Defendant, all as more fully set forth in the Bargaining Agreement. Also under the

23   terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs,

24   Defendant agreed to pay liquidated damages for each delinquent payment. Defendant further

25   agreed to pay interest on the combined delinquent contributions plus liquidated damages at the

26   rates specified in the Bargaining Agreement, from the day immediately following the date that

27

28

-4-
**COMPLAINT**
**Case No.:**

1 each such payment became due until paid in full, all as more fully set forth in the Bargaining
2 Agreement.

3      13.    Under the terms of the Bargaining Agreement and of the governing documents of
4 the ERISA Plaintiffs incorporated into the Bargaining Agreement and made binding on Defendant,
5 Defendant is also required to permit an authorized representative of the ERISA Plaintiffs to
6
7 examine such records of Defendant as is necessary to determine whether Defendant has made full
8 payment of all sums owed to the ERISA Plaintiffs, all as more fully set forth in said governing
9 documents, as amended, and incorporated into the Bargaining Agreement.

10                                              Facts

11      14.    Defendant has a statutory duty to timely make required payments to the ERISA
12 Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.
13
14      15.    Defendant has become delinquent on all contributions due for the hours worked by
15 its employee for the period from September 2007 through November 2007.  Defendant has failed
16 to pay said contributions plus liquidated damages and interest, all owed to the ERISA Plaintiffs,
17 despite repeated demands.

18      16.    In addition to the contributions owed, on several occasions, demands were made on
19 Defendant on behalf of the ERISA Plaintiffs, to schedule an audit and provide records for
20
21 examination pursuant to the terms of the Bargaining Agreement and the governing documents of
22 the ERISA Plaintiffs, for the period from August 1, 2007 through date of audit.

23      17.    Defendant has failed to pay the contributions owed and has refused and continues
24 to refuse to permit an authorized representative of the ERISA Plaintiffs to examine Defendant's
25 records as necessary to determine whether Defendant has made full payment of all sums owed to
26 the ERISA Plaintiffs for the period August 1, 2007 through date of audit.

27

28                                                                              -5-
                                                                         COMPLAINT
                                                                         Case No.:

18.     Defendant's failure and refusal to make payments and to provide records and permit examination of its records as alleged herein to determine if Defendant has met its obligations was at all times, and still is, willful. Defendant continues to breach said Bargaining Agreement, and the governing documents of the ERISA Plaintiffs incorporated into the Bargaining Agreement and made binding on Defendant, by failing to pay all amounts owed and to permit examination of its records as alleged.  Said refusal is unjustified and done with malicious intent.

19.     Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant are ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

20.     This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits.  There is the possibility that the Trustees and the participants will suffer irreparable injuries.  The balance of hardships and advancement of public interest favor Plaintiffs.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For judgment against Defendant for all contributions owed for hours worked by its employees for the period from September 2007 through November 2007.

2.     For an order requiring Defendant to provide certain records and to submit to an audit of such records by a date certain for the period August 1, 2007 through date of audit; and

-6-
**COMPLAINT**
**Case No.:**

1     3.     For judgment against Defendant in favor of the ERISA Plaintiffs, Trust Funds, and

2     the Union, in an amount equal to:

3          a.     Any unpaid contributions, due at time of judgment, including, but not

4     limited to, any contributions determined as due by said audit of Defendant's records for the period

5     
6     August 1, 2007 through date of audit pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. §

7     1132(g)(2)(A);

8          (1)     To the ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(A),

9     29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

10          (2)     To the Union, in accordance with the Bargaining Agreement;

11          (3)     To the Trust Funds in accordance with the Bargaining Agreement;

12          b.     Liquidated damages on the aforementioned unpaid and late paid
13     
14     contributions in accordance with the Bargaining Agreement, the governing documents of the

15     ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA § 502(g)(2), 29 U.S.C. §

16     1132(g)(2).

17          c.     Interest on any unpaid and late paid contributions plus liquidated damages

18     and on Union dues at the rates and in accordance with the Bargaining Agreement, the governing

19     documents of the ERISA Plaintiffs and, ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B) with
20     
21     respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where

22     otherwise appropriate.

23     4.     For any additional contributions and dues payable to the ERISA Plaintiffs and the

24     Trust Funds as third party beneficiaries of the Bargaining Agreement at time of judgment, plus

25     interest and liquidated damages as above provided and in accordance with the Bargaining

26     Agreement, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA
27     
Plaintiffs, ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

28
                                                                -7-
                                                         **COMPLAINT**
                                                          **Case No.:**

5.    ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance

with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the Bargaining

Agreement, and with LMRA § 301, 29 U.S.C. § 185 for all Plaintiffs.

6.    For an order,

(a)    for all unpaid contributions due for hours worked as specified above and thereafter through judgment;

(b)    requiring that Defendant complies with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the governing documents referred to therein;

(c)    enjoining Defendant from violating the terms of those documents and of ERISA; and

(d)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuing or operating of Defendant's business until said terms have been complied with.

7.    That the Court retain jurisdiction of this case pending compliance with its orders.

8.    For such other and further relief as the Court may deem just and proper.

Dated: May ____, 2008                SALTZMAN & JOHNSON LAW CORPORATION

By:_____
Shaamini A. Babu
Attorneys for Plaintiffs

-8-
**COMPLAINT**
**Case No.:**