Muriel B. Kaplan, Esq. (SBN 124607)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>RYAN McCLURE EXCAVATION, INC.,<br><br>   Defendant. | Case No.:  C08-2403 JSW (BZ)<br><br>**REQUEST FOR ENTRY OF JUDGMENT AGAINST DEFENDANT WITHOUT A HEARING; AND DECLARATION OF SHAAMINI A. BABU IN SUPPORT THEREOF**<br><br>Date:        June 24, 2009<br>Time:        10:00 a.m.<br>Location:   450 Golden Gate Avenue<br>                  San Francisco, California<br>Courtroom: G, 15th Floor<br>Judge:       Magistrate Bernard Zimmerman |

I, Shaamini A. Babu, declare:

   1.   I am an attorney at law licensed to practice in the State of California, and am an associate of Saltzman and Johnson Law Corporation, attorneys for Plaintiffs herein.

   2.   Per this Court's request, as specified in Magistrate Judge Zimmerman's Order Scheduling a Default Judgment Hearing issued on May 4, 2009 ("Order"), I submit this declaration establishing that Defendant Ryan McClure Excavation, Inc. ("RMEI") has been served with the notice of the hearing on Plaintiffs' pending Motion for Default Judgment against Defendant RMEI.  On May 4, 2009, Plaintiffs served a copy of the Order on *legal counsel* for Defendant RMEI.  A Proof of Service was filed with the Court on the same day.

   3.   Although Defendant RMEI has not appeared in this action, it is represented by

-1-
**REQUEST FOR ENTRY OF JUDGMENT WITHOUT HEARING**
Case No.: C08-2403 JSW (BZ)

P:\CLIENTS\OE3CL\Ryan McClure Excavation\Pleadings\Motion for Default Judgment\C08-2403 JSW Request for Entry of Judgment Without Hearing 061609.DOC

1 | counsel with respect to this action.  Attached hereto as *Exhibit A* is a letter dated January 15, 2009, confirming that Murphy, Campbell, Guthrie & Alliston, represents Defendant RMEI in this action.

4. Additionally, I submit this declaration to respectfully request that judgment be entered against Defendant RMEI by the Court without the necessity of a hearing and that the hearing presently set for June 24, 2009, at 10:00 a.m. before Magistrate Judge Bernard Zimmerman be vacated.  Alternatively, I respectfully request that the Court allow me to appear by telephone for the hearing on June 24, 2009, at 10:00 a.m.

5. As the Court's files reflect, Plaintiffs' Motion for Entry of Judgment against Defendant RMEI was filed with the Court and timely served on *legal counsel* for Defendant RMEI on April 29, 2009.

6. To date, Defendant RMEI has not filed an opposition as required by Civil L.R. 7-3.

7. Collection of delinquent amounts is always uncertain and Plaintiffs would like to minimize attorneys' fees and costs.  Defendant RMEI's failure to make payments in compliance with their Collective Bargaining Agreement has reduced the corpus of the Plaintiffs funds, thereby impairing Plaintiffs funds' ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to the Plaintiffs funds.

8. Defendant RMEI is a California corporation, not a natural person.  Thus, 50 App. U.S.C. §501 et seq. of the Servicemembers Civil Relief Act is inapplicable.

9. A copy of this Request for Entry of Judgment without a Hearing will be served on legal counsel for Defendant RMEI.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

10. Based on the foregoing, Plaintiffs respectfully request that the Court enter judgment against Defendant RMEI without the necessity of a hearing or allow me to appear by phone.

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 16th day of June, 2009, at San Francisco, California.

_____/s/_____
Shaamini A. Babu



DATED: 6/22/2009

-3-
**REQUEST FOR ENTRY OF JUDGMENT WITHOUT HEARING**
**Case No.: C08-2403 JSW (BZ)**
P:\CLIENTS\OE3CL\Ryan McClure Excavation\Pleadings\Motion for Default Judgment\C08-2403 JSW Request for Entry of Judgment Without Hearing 061609.DOC

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On June 17, 2009, I served the following document(s):

**REQUEST FOR ENTRY OF DEFAULT JUDGMENT WITHOUT HEARING; DECLARATION OF SHAAMINI A. BABU IN SUPPORT THEREOF**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

*Attorney for Defendant:*

**George A. Guthrie, Esq.**
**Murphy, Campbell, Guthrie & Alliston**
**8801 Folsom Blvd., Suite 230**
**Sacramento, CA 95826**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 17th day of June, 2009, at San Francisco, California.

_____/s/_____
Qui X. Lu

# *EXHIBIT A*

REQUEST FOR ENTRY OF JUDGMENT AGAINST DEFENDANT WITHOUT A HEARING
<u>Gil Crosthwaite, et al. v. Ryan McClure Excavation, Inc.</u>
*USDC, Case No.: 08-2403 JSW (BZ)*

# MURPHY • CAMPBELL | GUTHRIE • ALLISTON

A Professional Law Corporation

George A. Guthrie
GGuthrie@murphycampbell.com
(916) 484-3501 x 212

January 15, 2009

**Sent via U.S. Mail and Facsimile**

Shaamini Babu
Saltzman &Johnson
44 Montgomery Street, Ste. 2110
San Francisco, CA 94104

**Re: Operating Engineers Local Union 3 Trust Fund v. McClure**

Dear Ms. Babu:

This office represents Defendant Ryan McClure Excavation, Inc. in the above-referenced matter. We recently became aware that Ryan McClure Excavation, Inc. is currently a suspended corporation with the California Secretary of State's office. We believe we are obligated to notify you of our client's suspended status. As we have not appeared in the action, we are not in a position to notify the Court.

We are currently attempting to determine the amount of time necessary for Ryan McClure Excavation, Inc. to obtain a certificate of revival. Therefore, we ask that you might seek a stay of the proceedings to make that determination. We hope that our client will be able to bring the corporate status back to active, so that it will be able to conclude the settlement we were working on or defend itself in this matter. However, we are prevented under the applicable law from prosecuting or defending any action on behalf of our client until our client is able to revive its corporate status.

REVENUE AND TAXATION CODE § 23301

*Suspension of corporate powers, rights, and privileges for nonpayment*

*Except for the purposes of filing an application for exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer may be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this state may be forfeited, if any of the following conditions occur:*

*(a) If any tax, penalty, or interest, or any portion thereof, that is due and payable under Chapter 4 (commencing with Section 19001) of Part 10.2, or under this part, either at the time the return is required to be filed or on*

Shamini Babu

*Re: Operating Engineers Local Union 3 Trust Fund v. McClure*
January 15, 2009
Page 2

> or before the 15th day of the ninth month following the close of the taxable year, is not paid on or before 6 p.m. on the last day of the 12th month after the close of the taxable year.
>
> (b) If any tax, penalty, or interest, or any portion thereof, due and payable under Chapter 4 (commencing with Section 19001) of Part 10.2, or under this part, upon notice and demand from the Franchise Tax Board, is not paid on or before 6 p.m. on the last day of the 11th month following the due date of the tax.
>
> (c) If any liability, or any portion thereof, which is due and payable under Article 7 (commencing with Section 19131) of Chapter 4 of Part 10.2, is not paid on or before 6 p.m. on the last day of the 11th month following the date that the tax liability is due and payable.

A parallel provision found in Corporations Code §2205 provides for the suspension of a corporation if it fails to file the required corporate information such as the names and titles of the Board of Directors, appointing an agent etc. The court in *Palm Valley Homeowners Association v. Design MTC* (2000) 85 Cal.App. 4th 553 held that suspension under either the Revenue and Taxation Code and the Corporations Code prevents a corporation from enjoying the benefits and privileges which accrue to corporate status. A privilege of incorporation is the ability to prosecute or defend a lawsuit. (Weil and Brown, Cal. Practice: Civil Procedure Before Trial (The Rutter Group 2008 Law School Edition) ¶¶ 2:89 to 2:90 page 2-28.2.)

Should you have any questions or concerns regarding this matter, please do not hesitate to contact this office immediately.

Very truly yours,

MURPHY, CAMPBELL, GUTHRIE & ALLISTON

George A. Guthrie

GAG/mc
cc: Client